The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the deputy commissioner. The appealing party has shown good ground to reconsider the evidence. The Full Commission REVERSES the Opinion and Award of the deputy commissioner and enters the following Opinion and Award.
* * * * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following, which were agreed upon by the parties at the hearing and in a Pre-trial Agreement as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At all times pertinent hereto, there was an employee-employer relationship between plaintiff and defendant.
3. The date of the injury by accident is 5 March 1992.
4. Defendant is self-insured under the provisions of the North Carolina Workers' Compensation Act.
5. Plaintiff has not worked for defendant from 14 September 1992 and continuing through the date of the hearing.
* * * * * * * * * * * * * *
The Full Commission rejects the findings of fact of the deputy commissioner and finds as follows
FINDINGS OF FACT
1. At the time of the hearing in this matter, plaintiff was 49 years old, with a date of birth of 5 October 1944. He is a high school graduate but is limited in his ability to read and write.
2. Plaintiff's prior work history always involved manual labor. His previous work experience is in the farming and construction industries and at a textile mill. At all times relevant to this claim, plaintiff worked with defendant in a farming operation. Plaintiff began working for defendant in June, 1991.
3. Plaintiff's medical history includes a prior back injury sustained while working with another employer. In 1986, plaintiff underwent a lumbar laminectomy and retained a twenty percent permanent partial impairment to his back.
4. On 5 March 1992, plaintiff was operating a tractor with a rake attached to it. At approximately 10:00 a.m. plaintiff stopped and got out of the tractor to remove tree limbs that had become lodged in the rake. He did this by bending down, lifting up the rake, and kicking the limbs out from under the tractor. Shortly thereafter plaintiff began to develop low back pain. Plaintiff reported this incident to his supervisor during his morning break and completed his workday. The next morning plaintiff had increased lower back pain and leg pain. He sought medical treatment from Kaiser Permanente and did not go to work the next day due to his pain.
5. Defendant referred plaintiff to Dr. Michael Gwinn, a physical medicine and rehabilitation specialist. Dr. Gwinn provided conservative treatment to plaintiff for approximately five months, from 10 March 1992 through 21 August 1992. Dr. Gwinn's initial clinical impression of plaintiff was that he suffered from lumbar strain and underlying degenerative disc disease.
6. Dr. Gwinn restricted plaintiff to light duty work for four hours a day from 10 March 1992 through 13 March 1992. Thereafter, plaintiff was to return to an eight hour workday with lifting restrictions. Plaintiff was under continuing instructions not to lift more than twenty-five pounds, and not to engage in excessive bending or twisting.
7. In a letter dated 4 May 1992, Dr. Gwinn wrote that heavy farm manual labor was not conducive to plaintiff's condition, and that other work should be found for plaintiff.
8. Plaintiff performed light duty work for defendant-employer from 13 March 1992 through 7 September 1992. Plaintiff was out of work for one week after 7 September 1992 due to the death of his father. When plaintiff returned to work on 14 September 1992, he was terminated.
9. Plaintiff was terminated by George Clark, the superintendent of the facility where plaintiff worked. Mr. Clark terminated plaintiff because he did not believe he had any tasks that plaintiff could perform which would not cause further injury to plaintiff's back. Plaintiff had been working for defendant-employer in a light duty capacity for nearly six months.
10. After his termination, plaintiff engaged in a search for a position within his restrictions. He was unable to secure employment because when he informed a potential employer that he had a prior back injury, he would not be hired. Plaintiff continues to experience pain in his lower back and legs.
11. Dr. Gwinn opined that the lumbar strain plaintiff presented with could have been caused by plaintiff's on the job injury. He also opined that the work related injury plaintiff suffered could have exacerbated plaintiff's pre-existing back condition.
12. Dr. Gwinn believed that as of 21 August 1992 plaintiff had reached maximum medical improvement. He opined that plaintiff did not have any additional permanent partial impairment rating, consequently he did not revise the previous twenty percent permanent partial impairment rating to plaintiff's back.
13. On 5 March 1992 plaintiff sustained an injury by accident or specific traumatic incident arising out of and in the course of his employment resulting in lumbar strain and the aggravation of a pre-existing condition.
14. As a result of the 5 March 1992 injury to his back, plaintiff has permanent restrictions of lifting no more than twenty-five pounds and he cannot do any excessive twisting or bending.
15. Due to plaintiff's limited education, work experience which is limited to manual labor, combined with the physical restrictions caused by his injury, plaintiff has been unable to earn wages in any employment since his termination from the light duty job on 14 September 1992.
16. Plaintiff's average weekly wage was $294.38, yielding a compensation rate of $196.00 per week.
17. The treatment provided by plaintiff's medical providers was reasonably necessary to effect a cure, give relief and/or tended to lessen his period of disability and is hereby authorized.
* * * * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission enter the following:
CONCLUSIONS OF LAW
1. On 5 March 1992, plaintiff suffered an injury by accident or specific traumatic incident arising out of and in the course of his employment with defendant when he bent over and lifted the rake pulled by his tractor to remove brush caught underneath. At said time plaintiff sustained lumbar strain and aggravated a pre-existing, non-disabling back condition. Plaintiff's injury is compensable. N.C.G.S § 97-2 (6).
2. As a result of plaintiff's injury, plaintiff is entitled to temporary total disability compensation in the amount of $196.00 per week for three days (March 6, 1992, and for four hours on March 10, 11, 12, and 13th) and from 14 September 1992 up to the date of the hearing and continuing until further Order from the Commission. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to the payment of all medical expenses incurred or to be incurred as a result of his injury by accident on 5 March 1992. N.C.G.S. § 97-25.
* * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Subject to counsel fees, defendant shall pay plaintiff in one lump sum, uncommuted, temporary total disability benefits at the rate of $196.00 per week for three days in March 1992 and from 14 September 1992 through the date of hearing and continuing until further Order of the Commission.
2. Defendant shall pay all medical expenses incurred or to be incurred by the plaintiff as a result of his compensable injury for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief and/or will tend to lessen plaintiff's period of disability when bills for same have been submitted and approved through procedures adopted by the Commission.
3. A reasonable attorney's fee of twenty-five percent (25%) of the accrued compensation due plaintiff herein is approved for plaintiff's counsel and thereafter, plaintiff's counsel shall receive every fourth check. Said attorney's fee shall be deducted from the compensation due plaintiff and paid directly to plaintiff's counsel.
4. Defendants shall pay the costs.
 S/ _________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _________________________ COY M. VANCE COMMISSIONER
BSB:be